IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 3, 2004

## STATE OF TENNESSEE v. CHRISTOPHER DEMOTTO LINSEY

**Appeal from the Circuit Court for Montgomery County**
**No. 40100547     Michael R. Jones, Judge**

---

**No. M2002-01299-CCA-R3-CD - Filed April 16, 2004**

---

The Defendant, Christopher Demotto Linsey, pled guilty to simple possession of cocaine, a Class A misdemeanor. As part of his plea agreement, he expressly reserved with the consent of the trial court and the State the right to appeal a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i). The certified question of law stems from the trial court's denial of the Defendant's motion to suppress the evidence seized as a result of a police officer stopping the Defendant's automobile. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Roger E. Nell, Clarksville, Tennessee, for the appellant, Christopher Demotto Linsey.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; John Carney, District Attorney General; and Arthur F. Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On January 9, 2001, Officer David O'Dell of the Clarksville Police Department and his partner were on patrol in an unmarked car. Officer O'Dell observed the Defendant driving a car in the opposite direction. The officer turned his vehicle around to follow the Defendant. When the Defendant came to a stop sign, he turned right, and he failed to use his turn signal. Officer O'Dell then activated his blue lights and effected a traffic stop. After explaining the reason why he stopped the Defendant, Officer O'Dell requested consent to search his person and vehicle. The Defendant refused to give consent to search his vehicle, but he allowed Officer O'Dell to search his person. As Officer O'Dell was searching the Defendant, Officer Fredrick McClintock III, who was backing up Officer O'Dell during the traffic stop, observed a bag fall from the Defendant's jacket pocket. Officer McClintock retrieved the bag, and the substance inside field-tested positive for cocaine.

The Defendant filed a motion to suppress the evidence that was obtained as a result of the traffic stop. In his motion, the Defendant asserted that the police officers did not have probable cause to believe that he had committed a crime. In his argument on the motion, the Defendant cited State v. Gonzalez, 52 S.W.3d 90 (Tenn. Crim. App. 2000), for the proposition that the failure to use one's turn signal is not a traffic violation unless it could have affected other motorists. See id. at 99. He contended that no traffic could have been affected by his right turn. Therefore, he asserted that it was not necessary for him to use his turn signal, and Officer O'Dell was consequently without probable cause to effect a traffic stop. The trial court overruled the Defendant's motion, stating that the circumstances were distinguishable from those in Gonzalez in that there were other vehicles around the Defendant, namely the police officers, who could have been affected by his right turn. The Defendant subsequently pled guilty to simple possession of cocaine. However, he expressly reserved the right to appeal a certified question of law. In its order accepting the Defendant's guilty plea, the trial court stated the certified question as follows: "That the trial court should have suppressed the crack cocaine seized from defendant's person because the arresting police officers lacked probable cause under Clarksville City Ordinance 9-401 or Tenn. Code Ann. § 55-8-143(a) to initiate a traffic stop of defendant and that the subsequent search of defendant was unconstitutional."

Tennessee Rule of Criminal Procedure 37(b)(2) provides that an appeal lies from any judgment of conviction entered pursuant to a plea of guilty or nolo contendere if

> (i) The defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
> (A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;
>
> (B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
>
> (D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case[.]

The prerequisites for consideration of the merits of a certified question of law as required by Rule 37(b)(2)(i) having been met, we begin our analysis of whether the police officers had probable cause to stop the Defendant's car.

First of all, it is clear that the officers' stop of the Defendant did constitute a Fourth Amendment seizure. A seizure occurs when a police officer, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." Terry v. Ohio, 392 U.S. 1, 19 n.16, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). In this case, Officer O'Dell activated his emergency lights when the Defendant turned right at a stop sign without signaling a turn. The Defendant stopped his car, and the officer requested that he get out of the vehicle. When he did, the officer asked for permission to search him. We conclude that the stop of the Defendant's vehicle was a seizure under the Fourth Amendment.

Next, we must determine whether the officers had probable cause to believe that a crime had been committed so as to justify the stop of the Defendant. Tennessee Code Annotated section 55-8-143(a) states:

> Every driver who intends to start, stop or turn, or partly turn from a direct line, shall first see that such movement can be made in safety, and whenever the operation of any other vehicle may be affected by such movement, shall give a signal required in this section, plainly visible to the driver of such other vehicle of the intention to make such movement.

Likewise, section 55-8-142(a) states that no one shall

> turn a vehicle from a direct course or move right or left upon a roadway, unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner provided in §§ 55-8-143 and 55-8-144 in the event any other traffic may be affected by such movement.

In State v. Gonzalez, 52 S.W.3d at 99, this Court interpreted these statutes as not requiring a person to signal a turn unless it would affect other drivers. Therefore, the trial court's reasoning in this case was correct that, if other motorists could have been affected by the Defendant's turn, then he was required by law to activate his turn signal. See id.

However, this case is distinguishable from Gonzalez in that the city of Clarksville also has an ordinance regarding the use of turn signals. The relevant text of Clarksville City Ordinance section 9-401 provides: "Before starting, turning, slowing, or stopping a vehicle, the operator shall give a signal clearly indicating the movement contemplated. The signal shall be plainly visible to all persons who might be affected and given in ample time to give adequate warning to such persons." In contrast to the Tennessee statutes, which dictate that a turning signal shall be used "in the event any other traffic may be affected by such movement" and "whenever the operation of any other vehicle may be affected by such movement," Tenn. Code Ann. §§ 55-8-142(a), -143(a), the Clarksville ordinance mandates that, before turning, the operator of a vehicle "shall give a signal clearly indicating the movement contemplated." Clarksville, Tenn., Ordinance § 9-401 (emphasis added). The ordinance then describes to whom the signal shall be visible, but it in no way relieves drivers of the duty to give a signal before they turn. We note the general rule that municipal

ordinances that conflict with State law are invalid. See Southern Ry. Co. v. Knoxville, 442 S.W.2d 619, 621 (Tenn. 1968). However, where, as here, a municipality adds additional requirements, which do not conflict with the State law, the municipal ordinance will stand. See id. at 622.

The Defendant failed to abide by the Clarksville ordinance when he made a right turn without activating his turn signal. Therefore, the police officers had probable cause to believe that he had violated the municipal ordinance, and their stop of the Defendant was constitutional. The trial court did not err by overruling the Defendant's motion to suppress the evidence obtained as a result of the stop.

## CONCLUSION

The judgment of the trial court is affirmed.

                                      _____

                                        THOMAS T. WOODALL, JUDGE